UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMILY DEMBICZAK, individually and on behalf of all others similarly situated, | No. |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| | **JURY DEMAND** |
| v. | |
| FASHION NOVA, LLC, | |
| *Defendant.* | |

CLASS ACTION COMPLAINT
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

# Table of Contents

I.    Introduction. ...................................................................................................1

II.   Parties. ...........................................................................................................3

III.  Jurisdiction and Venue. ................................................................................3

IV.  Facts. .............................................................................................................3

       A.     Defendant's fake sales and discounts. ...............................................3

       B.     Defendant's advertisements violate Washington law. .......................7

       C.     Defendant's advertisements harm consumers .....................................7

       D.    Fashion Nova knows that it should not mislead customers. ..............8

       E.     Plaintiff was misled by Defendant's misrepresentations. .................9

       F.     Defendant breached its contract. .......................................................9

       G.    No adequate remedy at law. .............................................................10

V.    Class Action Allegations ............................................................................10

VI.  Claims ..........................................................................................................11

    First Cause of Action: Violation of the Washington Consumer Protection Act: RCW

        Chapter 19.86 ...................................................................................11

    Second Cause of Action: Breach of Contract ..........................................13

    Third Cause of Action: Breach of Express Warranty ...............................14

    Fourth Cause of Action: Breach of Implied Warranty .............................14

    Fifth Cause of Action: Quasi-Contract/Unjust Enrichment .....................15

    Sixth Cause of Action: Negligent Misrepresentation ...............................15

    Seventh Cause of Action: Intentional Misrepresentation ..........................16

VII.  Jury Trial Demand ......................................................................................17

VIII.  Relief. .........................................................................................................17

CLASS ACTION COMPLAINT
Case No.

i

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

# I.    Introduction.

1.    Advertised "sale" prices are important to consumers.  Consumers are more likely to purchase an item if they know that they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.    While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3.    As the Federal Trade Commission advises in its *Guides Against Deceptive Pricing*, it is deceptive to make up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.

4.    So, these sales violate Washington's general prohibition on unfair or deceptive business practices.  *See* Wash. Rev. Code Ann. § 19.86.020.

5.    Defendant Fashion Nova makes, sells, and markets clothing and accessory products (the "Fashion Nova Products" or "Products").  The Products are sold online through Defendant's website, FashionNova.com.

6.    Fashion Nova's website prominently advertises sales.  These advertisements include purported regular prices, purported discounts, and often countdown timers that purportedly show when the sales end.  For example:

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Fashion Nova's sale:



Purported regular prices and associated discounts:

Good Vibes Worldwide Top - Pink
**$13.99** $19.99
Up to 80% Off Sitewide! Prices As Marked

Hennything Is Possible Short Sleeve Crew Tee - Black
**$8.99** $19.99
Up to 80% Off Sitewide! Prices As Marked

Clock counting down until the sale ends:

Don't Miss The Countdown Event! Up To 80% Off EVERYTHING!     **12**h : **57**m : **36**s

8.      But these advertisements are false.  The sales are not limited in time, and the discounts continue to be available.

9.      Ms. Dembiczak bought a pair of jeans from Fashion Nova on FashionNova.com. Like Fashion Nova's other customers, when Ms. Dembiczak bought the Product, Fashion Nova advertised that a purported sale was going on.  Ms. Dembiczak believed that the Fashion Nova Product that she purchased retailed for the displayed regular price.  She further believed that she was getting a substantial discount from the regular price, and that the sale would end soon.  These reasonable beliefs are what caused her to buy from Defendant.  If the Product she purchased wasn't on sale, she would not have bought it.

10.      But none of that was true.  Defendant's published regular prices were not the prevailing regular prices.  Had Defendant been truthful, Plaintiff and other consumers would not

2

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

have purchased the Products or would have paid less for them.

11.    Plaintiff brings this case for herself and the other customers who purchased Fashion Nova Products.

## II.    Parties.

12.    Plaintiff Emily Dembiczak is domiciled in Tukwila, Washington.

13.    The proposed class includes citizens of Washington state.

14.    Defendant Fashion Nova, LLC is a California limited liability company with its principal office or place of business at 2801 E. 46th Street, Vernon, California 90058.  Upon information and belief, Nova Fashion, Inc. is a manager or member of Fashion Nova, LLC.  Nova Fashion, Inc. is incorporated in California with its principal place of business at 2801 E. 46th Street, Vernon, California 90058.

## III.    Jurisdiction and Venue.

15.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

16.    The Court has personal jurisdiction over Defendant because Defendant sold Fashion Nova Products to consumers in Washington, including to Plaintiff.

17.    Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sale to Plaintiff.

## IV.    Facts.

### A.    Defendant's fake sales and discounts.

18.    Defendant makes, sells, and markets clothing and accessories.  Fashion Nova sells its Products directly to consumers online, through its website, FashionNova.com.

19.    Defendant's website creates an illusion that customers are receiving a limited-time discount.  Fashion Nova does this by advertising fake sales, fake regular prices, and fake discounts based on the fake regular prices.  For example:

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  Fashion Nova's fake sale:



Captured October 20, 2022

20.      Fashion Nova's Products are always on sale on its website, and these sales persist. For example, Fashion Nova has prominently displayed, for over a year, on its website, sales that are designed to induce consumers to purchase its Products under the mistaken belief they are getting a significant bargain.  For example:



Captured January 18, 2022

CLASS ACTION COMPLAINT
Case No.

4

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1
2
3
4
5
6
7
8
9
10



Captured March 9, 2022

11
12
13
14
15
16
17
18
19



Captured August 18, 2022

20
21
22
23
24
25
26
27



Captured December 1, 2022

CLASS ACTION COMPLAINT
Case No.

5

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Fake regular prices and fake discounts:

21.    Defendant's website lists fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

22.    For example, on October 12, 2022, Defendant advertised "30-80% Off Sitewide!" for its Products.  On this day, Defendant offered its "Weekend Sherpa Denim Jacket – Light Wash," which has a purported regular price of $69.99:



23.    But the truth is, the Weekend Sherpa Denim Jacket – Light Wash's listed regular price of $69.99 is not its prevailing price.  Instead, it is always at a discount from the purported regular price (e.g., on October 12, 2022, it was on sale for $48.99; on March 14, 2023, it was on sale for $28.98).

24.    By listing fake regular prices and fake discounts, Defendant misleads consumers into believing that they are getting a good deal.

**B.    Defendant's advertisements violate Washington law.**

25.    As the Federal Trade Commission states in its *Guides Against Deceptive Pricing*, "where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction - the 'bargain' being advertised is a false one." 16 C.F.R. § 233.1.

26.    Advertising such false "bargains" is false, misleading, and unfair.  Accordingly, it violates Chapter 19.86 of Washington's Consumer Protection Act, which states, for example, that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful.  Wash. Rev. Code Ann. § 19.86.020.

27.    So not only are Fashion Nova's business practices generally deceptive and fraudulent and therefore banned—in Washington, they are also specifically prohibited by statute.

**C.    Defendant's advertisements harm consumers.**

28.    Based on Defendant's advertisements, reasonable consumers would expect that the listed regular prices are the prevailing prices at which Defendant actually sells its Products.

29.    Reasonable consumers would also expect that, if they purchase during the sale, they will receive the advertised discount from the regular purchase price.

30.    In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a substantial discount.

31.    Consumers that are presented with discounts are substantially more likely to make the purchase.  "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[1]  And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[2]

32.    Similarly, when consumers believe that an offer is expiring soon, the sense of

---

[1] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.
[2] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).

CLASS ACTION COMPLAINT                              7
Case No.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  urgency makes them more likely to buy a product.[3]

2      33.    Thus, Defendant's advertisements harm consumers by inducing them to make

3  purchases based on false information.

4      **D.    Fashion Nova knows that it should not mislead customers.**

5      34.    Fashion Nova is aware that the representations that it makes to consumers must be

6  truthful.  In 2020, the FTC charged Fashion Nova with violations of the Mail, Internet, or

7  Telephone Order Merchandise Rule when it failed to ship purchased items in a timely manner for

8  years and illegally issued gift cards in place of refunds.  The company made clear promises to

9  consumers for years that they offer fast shipping of their products, but regularly failed to meet its

10  shipping promises to consumers, and failed to meet the Mail Order Rule's requirement that

11  consumers be notified of shipping delays and given the chance to cancel orders and receive prompt

12  refunds.[4]  Fashion Nova was fined for these misleading practices.[5]

13      35.    Again, in 2022, Fashion Nova was investigated by the FTC for blocking negative

14  reviews of its products on its website.[6]  Fashion Nova deceived customers by suppressing reviews

15  with ratings lower than four stars out of five.  Fashion Nova was ultimately also fined for this

16  practice.[7]

17      36.    Despite these charges, Fashion Nova has continued its practice of making misleading

18  representations about its products and prices.

19

20

21  [3] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion
   rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black
22  Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with
   countdown timer).
23  [4] https://www.ftc.gov/news-events/news/press-releases/2020/04/fashion-nova-will-pay-93-
   million-consumer-refunds-settle-ftc-charges-it-violated-rules-shipping
24  [5] https://www.ftc.gov/news-events/news/press-releases/2020/04/fashion-nova-will-pay-93-
   million-consumer-refunds-settle-ftc-charges-it-violated-rules-shipping
25  [6] https://www.ftc.gov/news-events/news/press-releases/2022/01/fashion-nova-will-pay-42-
   million-part-settlement-ftc-allegations-it-blocked-negative-reviews
26  [7] https://www.ftc.gov/news-events/news/press-releases/2022/01/fashion-nova-will-pay-42-
27  million-part-settlement-ftc-allegations-it-blocked-negative-reviews

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**E.      Plaintiff was misled by Defendant's misrepresentations.**

37.      On April 22, 2020, Ms. Dembiczak purchased a pair of "It's The Pride In Me Distressed Jeans" from Defendant.  She purchased the Product from Defendant's website, FashionNova.com, while living in Tukwila, Washington.  Ms. Dembiczak's invoice represented that she was receiving a substantial discount off of the regular price for the item that she ordered.  The invoice represented that the regular price of the items purchased was $44.99 plus tax, and that Ms. Dembiczak was receiving a discount of $13.49 for the Product that she purchased.

38.      Ms. Dembiczak read and relied on the representations on the website that the Products had the published regular price, and that she was receiving the advertised discount as compared to the regular price.  She would not have made the purchase if she had known that the Products were not discounted as advertised, and that she was not receiving the advertised discount.

39.      Ms. Dembiczak faces an imminent threat of future harm.  She likes the Fashion Nova Products, and would purchase them again if she could feel sure that Defendant would not illegally deceive her.  But without an injunction, she cannot trust that Defendant will comply with the consumer protection statutes.

**F.      Defendant breached its contract.**

40.      When Ms. Dembiczak purchased and paid for the Fashion Nova Product she bought as described above, she accepted the offer that Defendant made, and thus, a contract was formed at the time that she made the purchase.  The offer was to provide a Product having a particular listed regular price, and to provide the discount advertised on the website.

41.      Ms. Dembiczak and Fashion Nova entered a contract.

42.      The market value of the Product Ms. Dembiczak would receive, and the amount of the discount that she would be provided off the regular price of the item, were specific and material terms of the contract.

43.      Defendant breached its contracts by failing to provide Ms. Dembiczak with a Product with a market value equal to the regular price displayed on its website, and by failing to provide the discount promised.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**G.      No adequate remedy at law.**

44.      Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff is permitted to seek equitable remedies in the alternative because she has no adequate remedy at law.  A legal remedy is not adequate if it is not as certain as an equitable remedy.  The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims.  Plaintiff's remedies at law are also not equally prompt or efficient as their equitable ones.  For example, the need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**V.      Class Action Allegations.**

45.      Plaintiff brings the asserted claims on behalf of the proposed class of:

- all persons who, while in the state of Washington and within the applicable statute of limitations period, purchased one or more Fashion Nova Products advertised at a discount on Defendant's website (the "Class").

46.      The following people are excluded from the proposed Class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

*Numerosity & Ascertainability*

47.      The proposed Class contains members so numerous that separate joinder of each member of the Class is impractical.  There are tens or hundreds of thousands of Class members.

48.      Class members can be identified through Defendant's sales records and public notice.

CLASS ACTION COMPLAINT
Case No.

10

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

*Predominance of Common Questions*

49.    There are questions of law and fact common to the proposed Class.  Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated Washington's consumer protection statutes;

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express or implied warranty;

(5) damages needed to reasonably compensate Plaintiff and the proposed Class.

*Typicality & Adequacy*

50.    Plaintiff's claims are typical of the proposed Class.  Like the proposed Class, Plaintiff purchased the Fashion Nova Products advertised at a discount on Defendant's website.  There are no conflicts of interest between Plaintiff and the Class.

*Superiority*

51.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.    Claims.**

**First Cause of Action:**

**Violation of the Washington Consumer Protection Act: RCW Chapter 19.86**

**(By Plaintiff and the Class)**

52.    Plaintiff incorporates each and every factual allegation set forth above.

53.    Plaintiff brings this cause of action on behalf of herself and members of the Class.

54.    Defendant has violated the Washington Consumer Protection Act (CPA), RCW Chapter 19.86.

55.    Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

CLASS ACTION COMPLAINT
Case No.

11

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

RCW §19.86.020.

56.     Under the CPA, "Private rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee.  A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights."  Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW §1986.090.

57.     Defendant engages in the conduct of trade or commerce within the meaning of the CPA.  Defendant does this by selling clothing and accessory products in a manner that directly and indirectly affects people of the state of Washington.

58.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to Class members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices.

59.     Defendant did this by advertising limited-time offers that were not actually limited in time, false regular prices, and false discounts regarding its Products.

60.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

61.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Fashion Nova Product.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

62.     In addition, Class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Fashion Nova Products.

63.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the Class.

64.     Plaintiff and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Fashion Nova Products if they had known the

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

truth, and/or (b) they overpaid for the Products because the Fashion Nova Products were sold at a price premium due to the misrepresentation.

65.     Defendant's acts or omissions are injurious to the public interest because these practices were committed in the course of Defendant's business and were committed repeatedly before and after Plaintiff purchased Defendant's Product. They are part of a pattern of unfair and deceptive advertisements. These actions have injured other persons, and, if continued, have the capacity to injure additional persons.

## Second Cause of Action:

### Breach of Contract

### (By Plaintiff and the Class)

66.     Plaintiff incorporates each and every factual allegation set forth above.

67.     Plaintiff brings this cause of action on behalf of herself and members of the Class.

68.     Plaintiff and Class members entered into contracts with Fashion Nova when they placed orders to purchase Products on Defendant's website.

69.     The contracts provided that Plaintiff and Class members would pay Fashion Nova for the Products ordered.

70.     The contracts further required that Fashion Nova provides Plaintiff and Class members with Products that have a market value equal to the regular prices displayed on the website. They also required that Fashion Nova provides Plaintiff and the Class members with the discounts advertised on the website. These were specific and material terms of the contracts.

71.     The specific discounts were a specific and material term of each contract, and were displayed to Plaintiff and Class members at the time they placed their orders.

72.     Plaintiff and Class members paid Fashion Nova for the Products they ordered, and satisfied all other conditions of their contracts.

73.     Fashion Nova breached the contracts with Plaintiff and Class members by failing to provide Products that had a prevailing market value equal to the regular prices displayed on its website, and by failing to provide the promised discounts. Fashion Nova did not provide the

CLASS ACTION COMPLAINT
Case No.

13

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1   discounts that Fashion Nova had promised.

2         74.    As a direct and proximate result of Defendant's breaches, Plaintiff and Class

3   members were deprived of the benefit of their bargained-for exchange, and have suffered damages

4   in an amount to be established at trial.

5                      **Third Cause of Action:**

6                     **Breach of Express Warranty**

7                     **(By Plaintiff and the Class)**

8         75.    Plaintiff incorporates each and every factual allegation set forth above.

9         76.    Plaintiff brings this cause of action on behalf of herself and members of the Class.

10        77.    Defendant, as the marketer, distributor, and/or seller of the Fashion Nova Products,

11   issued material, written warranties by advertising that the Products had a prevailing market value

12   equal to the regular price displayed on Defendant's website.  This was an affirmation of fact about

13   the Products (i.e., a representation about the market value) and a promise relating to the goods.

14        78.    This warranty was part of the basis of the bargain and Plaintiff and members of the

15   Class relied on this warranty.

16        79.    In fact, the Fashion Nova Products' stated market value was not the prevailing

17   market value.  Thus, the warranty was breached.

18        80.    Plaintiff provided Defendant with notice of this breach of warranty, by mailing a

19   notice letter to Defendant's headquarters, on March 10, 2023.

20        81.    Plaintiff and the Class were injured as a direct and proximate result of Defendant's

21   breach, and this breach was a substantial factor in causing harm, because (a) they would not have

22   purchased Fashion Nova Products if they had known that the warranty was false, or (b) they

23   overpaid for the Products because the Products were sold at a price premium due to the warranty.

24                      **Fourth Cause of Action:**

25                     **Breach of Implied Warranty**

26                     **(By Plaintiff and the Class)**

27        82.    Plaintiff incorporates each and every factual allegation set forth above.

CLASS ACTION COMPLAINT            14         Dovel & Luner, LLP
Case No.                                      201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

83.    Plaintiff brings this cause of action on behalf of herself and members of the Class.

84.    As described in greater detail above, Defendant impliedly warranted that the Fashion Nova Products had a market value equal to the regular price displayed on Defendant's website.

85.    This warranty was part of the basis of the bargain and Plaintiff and members of the Class relied on this warranty.

86.    In fact, the Fashion Nova Products did not have a market value equal to the regular price displayed.  Thus, the warranty was breached.

87.    Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on March 10, 2023.

88.    Plaintiff and the Class were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Fashion Nova Products if they had known the truth, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

**Fifth Cause of Action:**

**Quasi-Contract/Unjust Enrichment**

**(By Plaintiff and the Class)**

89.    Plaintiff incorporates each and every factual allegation set forth above.

90.    Plaintiff brings this cause of action on behalf of herself and members of the Class.

91.    As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the Class to purchase Fashion Nova Products and to pay a price premium for these Products.

92.    In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

93.    Plaintiff and the Class seek restitution.

**Sixth Cause of Action:**

**Negligent Misrepresentation**

**(By Plaintiff and the Class)**

94.    Plaintiff incorporates each and every factual allegation set forth above.

CLASS ACTION COMPLAINT
Case No.

15

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

95.    Plaintiff brings this cause of action on behalf of herself and members of the Class.

96.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and Class members concerning the existence and/or nature of the discounts and savings advertised on its website.

97.    These representations were false.

98.    When Defendant made these misrepresentations, it knew or should have known that they were false.  Defendant had no reasonable grounds for believing that these representations were true when made.

99.    Defendant intended that Plaintiff and Class members rely on these representations and Plaintiff and Class members read and reasonably relied on them.

100.    In addition, Class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Fashion Nova Products.

101.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

102.    Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Fashion Nova Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## Seventh Cause of Action:

### Intentional Misrepresentation

### (By Plaintiff and the Class)

103.    Plaintiff incorporates each and every factual allegation set forth above.

104.    Plaintiff brings this cause of action on behalf of herself and members of the Class.

105.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and Class members concerning the existence and/or nature of the discounts and savings advertised on its website.

106.    These representations were false.

107.    When Defendant made these misrepresentations, it knew that they were false at the time that it made them and/or acted recklessly in making the misrepresentations.

108.    Defendant intended that Plaintiff and Class members rely on these representations and Plaintiff and Class members read and reasonably relied on them.

109.    In addition, Class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Fashion Nova Products.

110.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

111.    Plaintiff and Class members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Fashion Nova Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## VII.    Jury Trial Demand.

112.    Plaintiff demands the right to a jury trial on all claims so triable.

## VIII.    Relief.

113.    Plaintiff seeks the following relief for herself and the Class:

- An order certifying the asserted claims, or issues raised, as a class action;

- A judgment in favor of Plaintiff and the proposed Class;

- Damages, treble damages, and punitive damages where applicable;

- Restitution;

- Disgorgement, and other just equitable relief;

- Pre- and post-judgment interest;

- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;

- Reasonable attorneys' fees and costs, as allowed by law;

- Any additional relief that the Court deems reasonable and just.

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Dated: March 17, 2023                Respectfully submitted,

                                     Carson & Noel, PLLC

                                     By: /s/ Wright A. Noel

                                     Wright A. Noel, WSBA No. 25264
                                     20 Sixth Ave. NE
                                     Issaquah WA 98027Tel: 425-395-7786
                                     Fax: 425-837-5396
                                     Email: wright@carsonnoel.com

                                     Christin K. Cho (Cal. Bar No. 238173)*
                                     christin@dovel.com
                                     Simon C. Franzini (Cal. Bar No. 287631)*
                                     simon@dovel.com
                                     DOVEL & LUNER, LLP
                                     201 Santa Monica Blvd., Suite 600
                                     Santa Monica, California 90401
                                     Telephone: (310) 656-7066
                                     Facsimile: (310) 656-7069

                                     *Counsel for Plaintiff*

                                     **Pro Hac Vice* application forthcoming*

CLASS ACTION COMPLAINT                          18                    Dovel & Luner, LLP
Case No.                                                             201 Santa Monica Blvd., Suite 600
                                                                     Santa Monica, CA 90401
                                                                     (310) 656-7066