UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMILY DEMBICZAK,

Plaintiff,

v.

FASHION NOVA LLC,

Defendant.

CASE NO. 2:23-cv-00408-LK

ORDER GRANTING STIPULATED MOTION TO EXTEND DEADLINES AND STAY DISCOVERY

This matter comes before the Court on the parties' Stipulated Motion to Extend Deadlines and Stay Discovery in light of Defendant Fashion Nova, LLC's motion to compel arbitration. Dkt. Nos. 23, 24. The parties seek an extension of their briefing schedule, as well as a stay of (1) Fashion Nova's deadline to answer or otherwise respond to Plaintiff's complaint, and (2) all discovery in the case, including the Court's April 7, 2023 initial disclosure and joint status report deadlines. *See* Dkt. No. 23 at 2; Dkt. No. 10.

The parties maintain that it will be "most efficient" for the Court to first decide the threshold issue of arbitrability because doing so "will determine which forum's rules will govern discovery and which forum will decide the merits (including the ones the parties anticipate will be raised in any motion to dismiss)[.]" Dkt. No. 23 at 2; *see also id.* at 3 (arguing that a stay will "save

judicial and party resources, and promote the efficient resolution of this dispute”). In addition, the parties agree that settlement discussions would not be productive “unless and until this threshold issue is decided.” *Id.* at 2.

“Although a court may relieve a party from the burdens of discovery while a dispositive motion is pending, this is the exception and not the rule.” *White v. Skagit Bonded Collectors, LLC*, No. C21-0697-LK, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022) (citations omitted). “Even so, a challenge to venue is a common example of a situation warranting a stay of discovery.” *Zeiger v. Hotel California by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022) (cleaned up).

If Fashion Nova’s motion to compel arbitration is granted, litigation will proceed not in this Court but in an arbitral forum, and the arbitrator’s rules will govern discovery. *See, e.g.*, American Arbitration Association, Commercial Arbitration Rules and Mediation Procedures, E-5. Because those rules often differ significantly from the federal rules, staying discovery can further the goal of efficiency for the courts and litigants. *See, e.g.*, Fed. R. Civ. P. 1. The Court accords substantial weight to the parties’ agreement that a stay in these circumstances would advance the “just, speedy, and inexpensive determination” of their case. *Id.*; Dkt. No. 23 at 2. Beyond the resources that a stay will conserve, Fashion Nova’s motion is potentially dispositive and can be decided without additional discovery, and imposing a stay that the Plaintiff herself requests will not prejudice her. *See, e.g.*, *Zeiger*, 2022 WL 1499670, at *2–3. Accordingly, a stay pending the Court’s decision on Fashion Nova’s motion is warranted.

The parties also ask the Court for extended briefing deadlines for the motion to compel “to accommodate certain scheduling conflicts” and to allow the parties to “fully consider the issues and arguments raised” in the motion. Dkt. No. 23 at 3. Considering the dispositive nature of the motion and the issues it raises, the Court finds that the requested extension is permissible.

Accordingly, upon good cause shown, the Court ORDERS that:

1. the parties' Stipulated Motion to Extend Deadlines and Stay Discovery, Dkt. No. 23, is GRANTED;
2. the deadline for Plaintiff's response to Fashion Nova's motion is May 22, 2023, and the deadline for Fashion Nova's reply in support is June 2, 2023;
3. other upcoming deadlines and discovery in this case, including Fashion Nova's deadline to answer or otherwise respond to Plaintiff's complaint and the Court's April 7, 2023 Order regarding initial disclosures and a joint status report, Dkt. No. 10, are STAYED pending resolution of Fashion Nova's motion to compel arbitration, Dkt. No 24. The Court will issue a new scheduling order as appropriate after resolving Fashion Nova's motion.

Dated this 21st day of April, 2023.

Lauren King
United States District Judge