The Honorable Lauren King

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMILY DEMBICZAK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>FASHION NOVA, LLC,<br><br>*Defendant*. | No. 2:23-cv-00408-LK<br><br>**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>**NOTE ON MOTION CALENDAR: June 2, 2023**<br><br>**ORAL ARGUMENT REQUESTED** |

SURREPLY IN OPPOSITION TO MOTION
TO COMPEL ARBITRATION
Case No. 2:23-cv-00408-LK

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**I.   Because Defendant made its delegation argument for the first time in Reply, it is waived.**

"It is well established that new arguments and evidence presented for the first time in Reply are waived." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006); *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 819 n.3 (9th Cir. 1996) ("An issue raised for the first time in a reply brief … is waived."); *Hadley v. Kellogg Sales Co.*, 2019 U.S. Dist. LEXIS 136791, at *13 (N.D. Cal. Aug. 13, 2019) ("Pursuant to Ninth Circuit law, the Court is not required to address arguments raised for the first time in a reply brief because arguments raised for the first time in reply briefs are waived.") (cleaned up); *Zunum Aero, Inc. v. Boeing Co.*, 2021 U.S. Dist. LEXIS 155132, at *13 (W.D. Wash. Aug. 17, 2021) ("As a general matter, it is not acceptable legal practice to present new argument in a reply brief") (cleaned up).

Here, Defendant did not argue in its opening brief that its arbitration clause delegates arbitrability—that is, the determination of whether a dispute falls within the scope of the arbitration clause—to the arbitrator. *See* generally Mot. Defendant presented this new argument for the first time in Reply. Reply at 2. Accordingly, this argument is waived.

Worse, Defendant argued in its opening brief that this Court (not the arbitrator) should decide whether this dispute falls within the scope of the arbitration clause. *See* Mot. 18 (asking the Court to determine that this dispute falls within the scope of the arbitration clause). Defendant should not be permitted to reverse course and take the exact opposite position in Reply. *Clark v. Cnty. of Tulare*, 755 F. Supp. 2d 1075, 1090 (E.D. Cal. 2010) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers"); *Roth v. BASF Corp.*, 2008 U.S. Dist. LEXIS 41047, at *7 (W.D. Wash. May 21, 2008) (refusing to hear new argument and admonishing plaintiff for acting inappropriately by "introducing issues in reply briefing which were declared 'not part of this motion' in the moving papers"); *Alimoradi v. U.S. Citizenship & Immigration Servs.*, 2009 U.S. Dist. LEXIS 126248, at *11-13 n.3 (C.D. Cal. Feb. 10, 2009) (defendant could not "reverse[] course" in reply, and its new arguments were "not timely or properly raised.").

**II.   There is no clear and unmistakable delegation, so the Court must decide arbitrability.**

"[U]nlike the arbitrability of claims in general, whether the court or the arbitrator decides arbitrability is 'an issue for judicial determination unless the parties *clearly and unmistakably provide*

SURREPLY IN OPPOSITION TO MOTION
TO COMPEL ARBITRATION
Case No. 2:23-cv-00408-LK

1

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

*otherwise.*'" *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013) (emphasis in original). This imposes a "heightened standard." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 69 n.1 (2010). And the "usual presumption that exists in favor of arbitrability of merits-based disputes is replaced with a presumption *against* the arbitrability of arbitrability." *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 920 (9th Cir. 2011) (emphasis original).

Here, it is undisputed that Defendant's arbitration agreement does not expressly delegate arbitrability to the arbitrator. *Cf. Suski v. Coinbase, Inc.*, 55 F.4th 1227, 1229 (9th Cir. 2022) (delegation clause provided "that the arbitrator shall decide … the enforceability, revocability, scope, or validity of the Arbitration Agreement"). Instead, Defendant argues that its agreement delegates arbitrability because, according to Defendant, it incorporates by reference the AAA Consumer Arbitration Rules, which themselves contain a delegation clause. Reply at 3. This argument fails on every level.

### A. Defendant's arbitration agreement does not incorporate the AAA's Consumer Arbitration Rules.

To begin, Defendant's agreement does not mention the AAA Consumer Arbitration Rules (that is, the rules that contain the delegation clause)—much less say that they are incorporated by reference or that the parties are agreeing to them. Dkt. 24-2, Fashion Nova Terms of Service ("Terms"). Instead, as Defendant concedes, the only reference to any AAA document is to the "AAA's Commercial Dispute Resolutions Procedures, Supplementary Procedures for Consumer-Related Disputes." *Id.*; Reply at 3. The referenced Procedures, however, are not attached, hyperlinked in the Terms, or otherwise provided to consumers. And no document titled "Commercial Dispute Resolutions Procedures, Supplementary Procedures for Consumer-Related Disputes" is listed under the provided "Rules" on the AAA website. Bennett Decl., ¶ 2. Nor does a Google search for "Commercial Dispute Resolutions Procedures, Supplementary Procedures for Consumer-Related Disputes" reveal any such document. *Id.* ¶ 3. And the document with the most similar title that is available through a Google search—the AAA's "Consumer-Related Disputes Supplementary Procedures"—does not say anything about delegating arbitrability to

SURREPLY IN OPPOSITION TO MOTION
TO COMPEL ARBITRATION
Case No. 2:23-cv-00408-LK

2

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

the arbitrator.[1] *Id.* ¶ 4.

So, Defendant's agreement does not incorporate the AAA's Consumer Arbitration Rules—directly or indirectly. This alone is fatal to Defendant's motion.

The AAA's Consumer Arbitration Rules do provide that "the parties shall have made these Consumer Arbitration Rules a part of their arbitration agreement whenever they … have specified that the Supplementary Procedures for Consumer-Related Disputes shall apply, which have been amended and renamed the Consumer Arbitration Rules." Consumer Rules, R-1(a)(2).[2] But nothing in Defendant's Terms, or any of the documents they reference, put consumers on notice of the AAA's Consumer Arbitration Rules—much less unambiguously say that by agreeing to the arbitration agreement, consumers are also agreeing to the AAA Consumer Arbitration Rules. And consumers cannot be held to a provision contained in a document they are never told about, much less did not agree to. *See Pac. Cascade Corp. v. Nimmer*, 25 Wn. App. 552, 555-56 (1980) ("It is essential to the formation of a contract that the parties manifest to each other their mutual assent to the same bargain at the same time").

In short: Defendant's Terms do not incorporate or even mention the AAA Consumer Arbitration Rules, directly or indirectly. So Ms. Dembiczak could not possibly have agreed to the delegation clause contained in those rules.

### B. Because Ms. Dembiczak is a regular consumer, incorporating the AAA Consumer Rules would not sufficiently delegate arbitrability.

In *Brennan v. Opus Bank*, the Ninth Circuit held that, where the parties were sophisticated businesspeople, incorporating AAA rules containing a delegation clause was sufficient to delegate arbitrability. 796 F.3d 1125, 1130 (9th Cir. 2015). The Circuit, however, "left open the circumstances of unsophisticated parties." *Mikhak v. Univ. of Phx.*, 2016 U.S. Dist. LEXIS 80705, at *9 (N.D. Cal. 2016); *see Cooper v. Agrify Corp.*, 2022 U.S. Dist. LEXIS 119103, at *4 (W.D. Wash. June 2, 2022) ("*Brennan* was expressly limited to the facts of the case, which involved sophisticated parties … presumed to

---

[1] Available at https://www.adr.org/sites/default/files/Consumer-Related%20Disputes%20Supplementary%20Procedures%20Sep%2015%2C%202005.pdf
[2] Available at https://www.adr.org/sites/default/files/Consumer-Rules-Web_0.pdf

SURREPLY IN OPPOSITION TO MOTION
TO COMPEL ARBITRATION
Case No. 2:23-cv-00408-LK

3

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

understand that incorporation of the AAA rules constitutes an agreement to delegate arbitrability issues to the arbitrator"). And since *Brennan*, numerous district courts have held that incorporating the AAA's rules is insufficient to show clear and unmistakable intent where one party is a regular consumer. *See e.g.*, *Cooper*, 2022 U.S. Dist. LEXIS 119103 at *9; *Money Mailer, LLC v. Brewer*, 2016 U.S. Dist. LEXIS 195723, at *7 (W.D. Wash. Nov. 15, 2016); *Ferguson v. Age of Learning*, 2021 U.S. Dist. LEXIS 200584, *9 (C.D. Cal. 2021); *Murray v. Under Armour, Inc.*, 2019 U.S. Dist. LEXIS 231532, at *11 (C.D. Cal. 2019); *Eiess v. USAA Fed. Sav. Bank*, 404 F. Supp. 3d 1240, 1253 (N.D. Cal. 2019); *Meadows v. Dickey's Barbecue Rests., Inc.*, 144 F. Supp. 3d 1069, 1078 (N.D. Cal. 2015). Under the holding of these cases, incorporating the AAA Consumer Rules would not sufficiently delegate arbitrability, contrary to Fashion Nova's argument.

To be sure, there is a split among district courts in this Circuit on this issue, and some courts have gone the other way. Reply at 3-4 (citing cases). But the many decisions refusing to apply *Brennan*'s holding to unsophisticated consumers are better reasoned and more persuasive. "After all, the question is whether the language of an agreement provides 'clear and unmistakable' evidence of delegation. To a large corporation (like [Fashion Nova]) or a sophisticated attorney … it is reasonable to conclude that it does. But applied to an inexperienced individual, untrained in the law, such a conclusion is likely to be much less reasonable." *Meadows*, 144 F. Supp. 3d at 1078. In other words, while a sophisticated party may be "deemed to have knowledge of … the delegation provision in the AAA rules," courts cannot "presume knowledge on the part of an unsophisticated party where there is no evidence that [she] was familiar with the referenced rules or had any reason to suspect that the reference was in fact a separate contractual obligation requiring review and assent." *Cooper,* 2022 U.S. Dist. LEXIS 119103 at *9.

Plus, "[t]he Washington Supreme Court recently clarified 'that incorporation by reference does not, in itself, establish mutual assent to the terms being incorporated' in the absence of evidence in the record that the parties to the agreement 'had knowledge of and assented to the incorporated terms.'" *Id.* at *6-7 (*citing Burnett v. Pagliacci Pizza, Inc.*, 196 Wash. 2d 38, 49 (2020)). So, where "there is no reason to assume … that [a party] understood that [a] reference to the AAA rules did anything more than identify the procedures that would apply" in arbitration, there is no mutual assent to the rules' delegation clause

SURREPLY IN OPPOSITION TO MOTION
TO COMPEL ARBITRATION
Case No. 2:23-cv-00408-LK

4

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1  (and "certainly no clear and unmistakable evidence" of such intent). *Id.* at *8.

2       Here, Ms. Dembiczak is an average consumer with no "legal training or experience dealing with
3  complicated contracts." *Meadows*, 144 F. Supp. 3d at 1079. And Defendant gave "no warning that the
4  reference [to arbitration rules] actually constituted an agreement to submit additional disputes — i.e.,
5  those regarding arbitrability – to arbitration." *Cooper*, 2022 U.S. Dist. LEXIS 119103 at *9. In fact, as
6  explained above, Defendant gave no warning that the AAA Consumer Arbitration Rules applied at all.
7  And Ms. Dembiczak could "not be expected to understand that the incorporation of the AAA rules
8  would mean that the overwhelming majority of disputes arising out of the [] Agreement would be
9  resolved by an arbitrator." *Magill v. Wells Fargo Bank, N.A.*, 2021 U.S. Dist. LEXIS 248891, at *16 (N.D.
10 Cal. 2021). "For an unsophisticated plaintiff" like Ms. Dembiczak "to discover she had agreed to
11 delegate gateway questions of arbitrability, she would need to locate the arbitration rules at issue, find
12 and read the relevant rules governing delegation, and then understand the importance of a specific rule
13 granting the arbitrator jurisdiction over questions of validity — a question the Supreme Court itself has
14 deemed 'rather arcane.'" *Eiess*, 404 F. Supp. 3d at 1253.

15      **C.**     **The agreement did not delegate arbitrability for this type of action.**

16      "[C]onsistent with basic principles of contract law, the Ninth Circuit has made clear that parties
17 are free to limit their delegation to specific issues." *Maguire Ins. Agency, Inc. v. Amynta Agency, Inc.*, 2023
18 U.S. Dist. LEXIS 12313, at *15 (W.D. Wash. Jan. 24, 2023) (King, J.) (holding that incorporated AAA
19 rules did not delegate arbitrability issues for certain excluded disputes); *Mohamed v. Uber Techs., Inc.*, 848
20 F.3d 1201, 1209 (9th Cir. 2016). And here, the arbitration agreement specifies that actions for injunctive
21 relief are not subject to AAA rules.

22      Defendant's arbitration agreement starts broadly, and states that "[a]ny dispute" related to a
23 consumer's use of the website, or purchase, or products will be sent to arbitration. Dkt. 24-2, Terms.
24 And it states that any "arbitration will be conducted in accordance with the provisions of the AAA's"
25 Supplementary Procedures. *Id.* But, the agreement then continues that: "*Notwithstanding the foregoing*, the
26 following shall not be subject to arbitration" and may be adjudicated only in court. *Id.* (emphasis added).
27 In other words, the agreement specifies that "notwithstanding" the incorporation of AAA Rules, certain

SURREPLY IN OPPOSITION TO MOTION
TO COMPEL ARBITRATION
Case No. 2:23-cv-00408-LK

5

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

1   disputes are not subject to those rules, or to arbitration at all, and may be adjudicated *only* in court. And
2   one type of excluded dispute is any "action" for "injunctive relief." *Id.* Thus, actions for injunctive relief,
3   like this one, are *not* subject to the AAA Rules—indeed, they cannot be arbitrated at all—and any
4   included delegation clause does not apply.

5      In *Archer & White*, the Fifth Circuit held that an arbitration clause's exemption for "actions
6   seeking injunctive relief" meant that such actions were not subject to the incorporated AAA rules. *Archer*
7   *& White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 282 (5th Cir. 2019) There, the arbitration agreement
8   stated: "Any dispute arising under or related to this Agreement (except for actions seeking injunctive
9   relief and disputes related to trademarks, trade secrets, or other intellectual property of Pelton & Crane),
10  shall be resolved by binding arbitration in accordance with the arbitration rules of the American
11  Arbitration Association." *Id.* at 278. The court found that the "most natural reading" of this language
12  was that "any dispute, except actions seeking injunctive relief, shall be resolved in arbitration in
13  accordance with the AAA rules." *Id.* at 281. By the same token, the most natural reading of Defendant's
14  Terms here is that actions for injunctive relief are not subject to the AAA rules incorporated before the
15  "notwithstanding" clause exempting actions for injunctive relief.

16     Defendant points out that the "placement" of the carve-out was "dispositive" in *Archer & White*.
17  Reply at 4. But the same is true here. The *Archer & White* court recognized that "the ordering of words"
18  showed the parties' desire that certain disputes would not be sent to arbitration or governed by the AAA
19  rules. *Archer & White* at 281. In the same way, the agreement here places the phrase "notwithstanding
20  the foregoing" *after* the incorporation of the procedures. This "placement" clarifies that the "foregoing"
21  incorporation of AAA Procedures was not intended to apply to the listed types of disputes.

22     Defendant also points to the Ninth Circuit's decision in *Oracle*. Reply at 4. But in that case, there
23  was no "notwithstanding" language following the incorporation of the AAA rules indicating that the
24  rules would not apply to certain disputes.

25     In sum, "[t]he parties could have unambiguously delegated [the] question [of scope], but they did
26  not, and [this Court is] not empowered to re-write their agreement." *Id.* at 282.

27

SURREPLY IN OPPOSITION TO MOTION
TO COMPEL ARBITRATION
Case No. 2:23-cv-00408-LK

6

Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| | | |
|---|---|---|
| 1 | Dated: June 14, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ Grace Bennett |
| | | **DOVEL & LUNER, LLP** |
| 4 | | Grace Bennett (Cal. Bar No. 345948)* |
| | | grace@dovel.com |
| 5 | | Simon C. Franzini (Cal. Bar No. 287631)* |
| | | simon@dovel.com |
| 6 | | 201 Santa Monica Blvd., Suite 600 |
| | | Santa Monica, California 90401 |
| 7 | | Telephone: (310) 656-7066 |
| | | Facsimile: (310) 656-7069 |
| 8 | | |
| 9 | | By: /s/ Wright Noel |
| | | **Carson & Noel, PLLC** |
| 10 | | Wright A. Noel, WSBA No. 25264 |
| | | 20 Sixth Ave. NE |
| 11 | | Issaquah WA 98027 Tel: 425-395-7786 |
| | | Fax: 425-837-5396 |
| 12 | | Email: wright@carsonnoel.com |

*Counsel for Plaintiff*

*Admitted *Pro Hac Vice*

SURREPLY IN OPPOSITION TO MOTION TO COMPEL ARBITRATION
Case No. 2:23-cv-00408-LK
7
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066